McNULTY, Judge.
This multi-party, multi-faceted declaratory decree action involves an interpretation of the Public Employees Relations Act[1] (PERA) but resolves itself into one narrow legal issue, that being whether a Civil Service Board has discretion under the provisions of Section 447.309(3), Florida Statutes (1975), to amend or not its rules and regulations which are in conflict with a collective bargaining agreement entered into by and between an employer-agency and certain public employees who otherwise would be regulated in the terms and conditions of their employment by the Civil Service Board. The net effect of the trial court’s ruling herein is that a Civil Service Board does have discretion in the premises and we agree.
Section 447.309(3) provides as follows:
“If any provision of a collective bargaining agreement is in conflict with any law, ordinance, rule, or regulation over which the chief executive officer has no amendatory power, the chief executive officer shall submit to the appropriate governmental body having amendatory power a proposed amendment to such law, ordinance, rule, or regulation. Unless and until such amendment is enacted or adopted and becomes effective, the conflicting provision of the collective bargaining agreement shall not become effective.” (Emphasis supplied.)
Factually, in this case, the Hillsborough County Civil Service Board is the “appropriate governmental body” having amendatory power to amend its rules or regulations so as to conform with provisions of any collective bargaining agreement containing terms in conflict with such rules and regulations. The appellant union’s contentions that the aforequoted subsection imposes a mere ministerial duty on the Civil Service Board to amend its rules and regulations, and that such subsection prescribes only the *803 time at which the collective bargaining agreement will become effective, are without merit. Had that subsection prescribed only that the agreement would remain ineffective “until” its provisions were ratified by an appropriate amendment to the rules and regulations of the Civil Service Board, its argument may have some weight. But the language used by the legislature is that “unless and until” the agreement is so ratified its conflicting provisions remain ineffective. Clearly, the Civil Service Board has discretion in view of this language.
A public employee’s constitutional right to bargain collectively[2] is not and cannot be coextensive with an employee’s right to so bargain in the private sector. Certain limitations on the former’s right are necessarily involved. For instance, a wage agreement with a public employer is obviously subject to the necessary public funding which, in turn, necessarily involves the powers, duties and discretion vested in those public officials responsible for the budgetary and fiscal processes inherent in government.[3]
The extent to which other limitations may be imposed on a public employee’s right to bargain collectively without fatally rendering sterile the right itself must be left to a case by case resolution of the problem. We are not here asked to, nor do we, pass upon the constitutionality of the aforequoted subsection 447.309(3) insofar as it may confer so much unguided discretion on a Civil Service Board as effectively to frustrate the constitutional right of public employees; nor in the present posture of the case do we review the exercise of any such discretion with respect to whether it is arbitrary or unreasonable. We simply hold that the statute, as worded, does in the first instance confer discretion on the Civil Service Board to adopt or not amendments to its rules and regulations as may be necessary to conform to whatever collective bargaining agreement is entered into by the particular public employees involved herein (certain security officers employed by ap-pellee Hillsborough County Aviation Authority).
In view whereof, the judgment appealed from should be, and it is hereby, affirmed.
HOBSON, Acting C. J., and GRIMES,-J., concur.

. Sections 447.201, et seq., Florida Statutes (1975).

. Fla.Const. art. 1, § 6 (1968).

. See Section 447.309(2), Florida Statutes.