426 So.2d 1017 (1983)
HOTEL, MOTEL, RESTAURANT EMPLOYEES AND BARTENDERS UNION, LOCAL 737, AFL-CIO; Amalgamated Transit Union, Local 1395; and Laborers' International Union of North America, Appellants,
v.
ESCAMBIA COUNTY SCHOOL BOARD, Escambia County Civil Service Board, and Florida Public Employees Relations Commission, Appellees.
No. AH-40.
District Court of Appeal of Florida, First District.
January 18, 1983.
Thomas J. Pikacek and Steven L. Sommers of Pilacek, Egan, Cohen & Williams, Orlando, for appellants.
Louis F. Ray, Jr., Pensacola, and Joseph A. Caldwell of Muller, Mintz, Kornreich, Caldwell & Casey, Miami, for appellee Escambia County School Bd.
Hobart O. Worley, Pensacola, for appellee Escambia County Civ. Service Bd.
Patricia A. Renovitch, Gen. Counsel, Tallahassee, for appellee Florida Public Employees Relations Comn.
BOOTH, Judge.
Appellants, hereinafter "Coalition,"[1] appeal a Public Employees Relations Commission (PERC) order dismissing their unfair labor practice charges against the Escambia County Civil Service Board and the Escambia County School Board[2] alleging that each entity had violated Section 447.501(1)(a) and (c), Florida Statutes (1979), by refusing to bargain collectively in good faith and to implement the final negotiated agreement and their petition to amend unit clarification to reflect the Escambia County Civil Service Board as a joint employer.
Following ratification by the Coalition and the Escambia County School Board on *1018 October 13, 1980 of a collective bargaining agreement, the Superintendent of Schools, pursuant to the terms of an injunction,[3] sought notification from the Civil Service Board of any conflicting provisions between the collective bargaining agreement and the Civil Service Act, pay plan, and rules and regulations, and requested that the Civil Service Board amend its rules, regulations, and/or pay plan, or seek any necessary amendment to its Act to eliminate any such conflict.
The Civil Service Board's attorney informed the Superintendent that there existed numerous conflicting and potentially conflicting provisions between the Civil Service Rules and Regulations and the collective bargaining agreement. It was subsequently determined at the regular Civil Service Board meeting that adoption of a separate pay plan be denied,[4] and that implementation of the conflicting provisions of the collective bargaining agreement be denied until Board consideration of the possibility of amending its rules and regulations occurred. As of the date of administrative hearing in the matter, the Civil Service Board had neither amended its rules and regulations to eliminate conflicts nor taken any action to approve or authorize the implementation by the Escambia County School Board of those provisions of the collective bargaining agreement in conflict with the Civil Service Board's rules and regulations.
In its order of dismissal, PERC concluded that, as between the conflicting provisions of the Escambia County Civil Service Act and those of the Public Employees Relations Act, the latter controlled; that, in light of its interpretation of the applicable legislative enactments, the Civil Service Board was not a joint employer of the employees represented by the Coalition; and that the standing order of the Circuit Court enjoining the Escambia County School Board from implementing any conflicting provisions of the collective bargaining agreement without amendment of the Civil Service Board rules, regulations, or the Act itself precluded it from finding that the School Board committed an unfair labor practice in failing to implement conflicting provisions. The Coalition appealed only the latter two findings.
Upon considering the appeal, we concluded that the first finding constituted an overriding question which had to be ruled upon initially, and we, therefore, directed the parties to file additional briefs thereon and that oral argument limited to that issue be had. At oral argument, all parties agreed that, as between the conflicting provisions of the Escambia County Civil Service Act and the Public Employees Relations Act, the latter should prevail. We agree with PERC's determination that the *1019 Public Employees Relations Act prevails over the Escambia County Civil Service Act and its resolution, set forth below, as to the effect of Section 447.309(3), Florida Statutes, pertaining to the implementation of a negotiated collective bargaining agreement:
The statutory predicate for the Circuit Court's resolution of this problem was Section 447.309(3), Florida Statutes (1979), which reads:
If any provision of a collective bargaining agreement is in conflict with any law, ordinance, rule, or regulation over which the chief executive officer has no amendatory power, the chief executive officer shall submit to the appropriate governmental body having amendatory power a proposed amendment to such law, ordinance, rule, or regulation. Unless and until such amendment is enacted or adopted and becomes effective, the conflicting provision of the collective bargaining agreement shall not become effective.
The Circuit Court's conclusion that the foregoing language resolves any conflict between the subject collective bargaining agreement and the Civil Service Act and rules and regulations is facially very appealing, but it overlooks the underlying reality that the School Board and its represented employees can never enter into a collective bargaining agreement which contains any provision of which the Civil Service Board disapproves. It is our view that Section 447.309(3) was ... never intended to operate as a wholesale impediment to collective bargaining, especially bargaining about such basic matters as wages and hours. This interpretation of Section 447.309(3) is further supported when it is read in pari materia with Section 447.601,[[5]] Florida Statutes (1979). It seems clear from a reading of both statutes that Section 447.309(3) must be read as contemplating conflicts between collective bargaining agreements and laws or regulations other than laws or regulations relating to civil service systems.
A contrary construction could raise grave constitutional doubts. It is a basic rule of statutory construction that courts should seek to preserve the validity of a legislative enactment by adopting a reasonable interpretation which removes it farthest from constitutional infirmity.
We further conclude that PERC correctly resolved the remaining two issues appealed and, accordingly, affirm the order of dismissal.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] The Coalition is certified as the exclusive bargaining representative of certain bargaining unit employees employed by Escambia County School Board. The bargaining unit employees are "classified employees" as defined in the Escambia County Civil Service Act, Chapter 79-453, Laws of Florida, as amended by Chapter 79-594, Laws of Florida.
[2] The Escambia County School Board is a public employer within the meaning of Chapter 447, Florida Statutes.
[3] In School Board of Escambia County, Florida v. Taylor, Case No. 78-3006 (March 27, 1980), the Circuit Court of Escambia County issued a declaratory judgment finding that there existed a conflict between those portions of the Public Employees Relations Act requiring that wages, hours, and terms and conditions of employment of public employees represented by certified bargaining agents be determined through the collective bargaining process, and those portions of the Escambia County Civil Service Act requiring that wages, hours, and terms and conditions of employment of all employees in the classified service be in accordance with the rules and regulations of the Civil Service Board or be established through procedures set forth in the Civil Service Act. The Circuit Court then determined that, although the School Board had a duty to bargain collectively with respect to hours, wages, and terms and conditions of employment, any provisions of the collective bargaining agreement in conflict with the Civil Service Act, rules and regulations of the Civil Service Board, or pay plan adopted pursuant to the Civil Service Act, was subject, pursuant to Section 447.309(3), Florida Statutes (1979), to the approval of the Civil Service Board, who could, upon the Superintendent of Schools' petition and in the exercise of its discretion, enact or adopt such amendments to its rules and regulations or seek an amendment to its Act to eliminate the conflicts. Until such elimination of conflict occurred, the School Board was enjoined from implementing "any ... conflicting provision in any future collective bargaining agreement." The Coalition was not a party to the petition for declaratory judgment filed in the Circuit Court.
[4] The Coalition subsequently agreed to accept the salary schedule currently in effect for other classified employees.
[5] Section 447.601, Florida Statutes, reads as follows:

447.601 Merit or civil service system: applicability.  The provisions of this part shall not be construed to repeal, amend, or modify the provisions of any law or ordinance establishing a merit or civil service system for public employees or the rules and regulations adopted pursuant thereto or to prohibit or hinder the establishment of other such personnel systems unless the provisions of such merit or service system laws or ordinances or rules and regulations adopted pursuant thereto are in conflict with the provisions of this part, in which event such laws, ordinances, or rules and regulations shall not apply, except as provided in s. 447.301(4).