PER CURIAM.
This is an appeal from an order of the Public Employees Relations Commission (PERC), which found that a union time pool, contained in a collective bargaining agreement, and applicable to all bargaining unit members, was violative of Sections 447.501(l)(a) and 447.301(1), Florida Stat *373 utes. We adopt the order of PERC, the pertinent parts of which state as follows:
“On January 27, 1983, Edwin S. Delaney filed an unfair labor practice charge which alleged that the City of Hialeah had violated Section 447.501(l)(a), Florida Statutes (1981), by implementing a pool time provision contained in the collective bargaining agreement entered into by the City and the American Federation of State, County, and Municipal Employees, Local 3032. The provision required all employees in the bargaining unit represented by Local 3032 to contribute a certain number of sick leave or compensatory leave hours to a union time pool to be utilized for union business as determined by the President of Local 3032.
“After a series of prehearing orders and telephone conference calls, the hearing officer determined that there were no disputed issues of material fact. Consequently, no evidentiary hearing was conducted. On July 14,1983, the hearing officer issued his recommended order in which he concluded that the maintenance of the union time pool provision violated Section 447.501(l)(a).
⅝ ⅝ ⅜ ⅝ ⅜ ⅜;
In concluding that the City committed an unfair labor practice, the hearing officer relied upon Sections 447.501(l)(a) and 447.-301(1). The former provision states that a public employer commits an unfair labor practice when it interferes with, restrains, or coerces public employees in the exercise of any rights guaranteed them under Chapter 447, Part II. The latter provision provides:
(1) Public employees shall have the right to form, join, and participate in, or to refrain from forming, joining, or participating in, any employee organization of their own choosing.
“The issue presented in this case, and the one decided by the hearing officer, is whether it is contrary to Section 447.301(1) for a certified union and an employer to agree to a contract provision that requires all bargaining unit employees, including those who are not members of the union, to contribute a portion of their leave time to a pool to be used for union business. The hearing officer correctly viewed that this contract provision required employees, who were not members of Local 3032, to participate in the support of the union by being required to involuntarily contribute something of ascertainable value to the benefit of the union without the employees’ authorization or consent. Thus, the mandatory sick leave deduction provision constitutes a form of union security in which all bargaining unit members contribute to the support of the union as a condition of their employment. In determining that such a security device was contrary to the rights guaranteed to public employees by Section 447.-301(1), the hearing officer did not err in examining cases construing Article I, Section 6 of the Florida Constitution, the so-called 'right to work’ provision, which provides:
The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization.
“The Florida courts have construed this provision to prohibit, as a condition of employment, the extraction of fees from bargaining unit employees who are not members of the certified union for the purpose of aiding the union. See Schermerhorn v. Local 1625, Retail Clerks International Association, 141 So.2d 269 (Fla.1962), aff'd, 373 U.S. 746, 83 S.Ct. 1461, 10 L.Ed.2d 678 (1963); Florida Education Association United v. PERC, 346 So.2d 551 (Fla. 1st DCA 1977). Therefore, a construction of Sections 447.501(l)(a) and 447.-301(1) which permits a certified union and a public employer to negotiate a provision which requires nonmembers to contribute to the union something of value as a condition of their employment would render these provisions constitutionally suspect. In order to avoid this potential constructional pitfall, the hearing officer properly took into consideration Article I, Section 6 in his analysis.
“In Hotel, Motel Restaurant Employees and Bartenders Union, Local 737 v. Escambia County School Board, 7 FPER para. 12395 (1981), aff'd, 426 So.2d 1017 *374 (Fla. 1st DCA 1983), the Commission, under somewhat similar circumstances, recognized that although it was prohibited from declaring a statute unconstitutional, it was not required to construe Chapter 447, Part II, in a constitutional vacuum, stating:
But the fact that we are without authority to rule upon the constitutionality of statutes does not mean that we must ignore the Constitution. To the contrary, where the meaning of the statute is colored by provisions of the Constitution our hope of reaching the correct understanding of that meaning lies in part in a consideration of those constitutional consequences..
(footnote omitted).
Id. at 870. Consequently, the Commission adopted a construction of the statute at issue in Escambia County School Board, which it considered harmonious with the right of public employees to engage in collective bargaining guaranteed by Article I, Section 6 of the Florida Constitution. Similarly, it was proper for the hearing officer to consider this constitutional provision in his construction of the statutory provisions at issue. However, we emphasize that our conclusion that the City committed an unfair labor practice in this case is not based upon a determination that the contract provision at issue conflicts with Article I, Section 6 of the Florida Constitution. Rather, our order in this case is limited to a finding that maintenance of the contract provision violates Section 447.501(l)(a).
“Finally, we disagree in part with the recommended remedy declaring invalid the contract provision with respect to members of Local 3032 in addition to nonmembers, and requiring reimbursement of previously deducted leave for all unit employees who request it. The record in this case does not support such a broad remedy with respect to members of Local 3032.
“The charge filed by Delaney states that his rights under Section 447.301(1) were violated because even though he was not a member of Local 3032 he was required to contribute a portion of his sick leave to the union time pool. The letter submitted by Delaney in support of the charge which protests the involuntary deduction of leave was signed by a City employee who also is not a member of Local 3032. There is no record evidence of any bargaining unit member who is a member of Local 3032 complaining about the deduction of their leave pursuant to the collective bargaining agreement. Moreover, the record is silent as to whether members of Local 3032 authorized such a deduction of leave as a condition of their membership. Under these circumstances, we believe that the remedy in this case should be limited to bargaining unit employees who are not members of Local 3032.
“Based upon the foregoing, the Commission orders the following:
“1. The City of Hialeah shall cease and desist from:
“(a) Interfering with, restraining, or coercing its employees who are not members of Local 3032 in the exercise of their right to refrain from contributing to or otherwise participating in Local 3032 or any other employee organization.
“(b) Enforcing or administrating the union time pool article of the collective bargaining agreement insofar as that provision requires the deduction of accumulated sick leave or compensatory leave credit from bargaining unit employees who are not members of Local 3032 regardless of their desire to contribute to the union time pool.
“(c) In any like or related manner, interfering with, restraining, or coercing employees in the exercise of rights guaranteed them under Chapter 447, Part II, Florida Statutes (1981).
“2. The City of Hialeah shall take the following affirmative action:
“(a) Upon demand of any individual bargaining unit employee, who is not a member of Local 3032, restore previously deducted sick leave or compensatory leave credit to any such employee who desires such a refund.
“(b) Post the attached Notice to Employees for sixty days in conspicuous locations *375 in all facilities of the employer where notices to unit employees are customarily posted. Copies of the notice shall be signed by the City’s authorized representative prior to posting. The City shall take reasonable steps to ensure that the notices are not altered, defaced, or covered by any other material.
“(c) Notify the Public Employees Relations Commission in writing within twenty calendar dates from the date of this order of the steps that have been taken to comply with this order.”
(footnote omitted)
The foregoing order of PERC is, in its entirety, AFFIRMED.
ERVIN, C.J., and MILLS and ZEHMER, JJ., concur.