522 So.2d 358 (1988)
HILLSBOROUGH COUNTY GOVERNMENTAL EMPLOYEES ASSOCIATION, INC., Hillsborough County Police Benevolent Association, Inc., and Public Employees Relations Commission, Petitioners,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY and Hillsborough County Civil Service Board, Respondents.
No. 68336.
Supreme Court of Florida.
March 17, 1988.
*359 Gene "Hal" Johnson, Florida Police Benev. Ass'n, Inc., Tallahassee, and Phillip P. Quaschnick, General Counsel, Florida Public Employees Relations Com'n, Tallahassee, for petitioners.
Lucius M. Dyal, Jr. of Shackleford, Farrior, Stallings & Evans, Tampa, for Hillsborough County Aviation Authority.
Peter W. Zinober and Richard C. McCrea, Jr. of Carlton, Fields, Ward, Emmanuel, Smith & Cutler and J. Ronald Wigginton, Tampa, for Hillsborough County Civil Service Bd.
KOGAN, Justice.
This case is before the Court on petition to review a decision of the Second District Court of Appeal, Hillsborough County Aviation Authority v. Hillsborough County Governmental Employees Association, 482 So.2d 505 (Fla. 2d DCA 1986). Because that court certified to us a question of great public importance, we have jurisdiction. Art. V, § 3(b)(4)., Fla. Const.
The petitioners, Hillsborough County Governmental Employees Association (GEA) and the Hillsborough County Police Benevolent Association (PBA), as certified negotiators for their respective groups of public employees, bargained collectively for, and reached an agreement with, the respondents, the Hillsborough County Aviation Authority (Authority). The agreements were ratified by the employees and, pursuant to section 447.309(3), Florida Statutes (1985), the Authority requested the Hillsborough County Civil Service Board (Board) to amend its rules to comport with the new provisions of the agreement. The Board refused to amend its rules concerning personal holidays, funeral leave, and seniority, at which time the Authority notified the employees that it would not implement the new contractual provisions. The PBA and the GEA filed unfair labor practice charges with the Public Employees Relations Commission (PERC). The PERC determined that the Authority had committed an unfair labor practice by refusing to implement the new provisions.
The Board and the Authority appealed to the second district, arguing that the Authority had not committed an unfair labor practice since it was following the law expressed in section 447.309(3), Florida Statutes (1985), and that court's decision in Pinellas County Police Benevolent Association v. Hillsborough County Aviation Authority, 347 So.2d 801 (Fla. 2d DCA 1977). PBA and GEA argued that if section 447.309(3) were given the construction urged by the Board and the Authority, it would unconstitutionally abridge the right to bargain collectively, as enunciated in Article I, section 6 of the Florida Constitution, citing Hotel, Motel, Restaurant Employees & Bartenders Union v. Escambia County School Board, 426 So.2d 1017 (Fla. 1st DCA 1983). The court, rather than addressing the constitutionality of section 447.309(3), reversed PERC's decision on the ground that the Authority could not have violated its duty to bargain in good faith if it was simply following statutory and case law. The district court then certified to this Court the following question of great public importance:
When provisions of a collective bargaining agreement which has been entered into by a public employer conflict with civil service rules and regulations and the governmental body having amendatory power over the civil service rules *360 and regulations refuses to amend those rules and regulations in such a manner as to eliminate the conflict, does section 447.309(3) apply to civil service rules and regulations and therefore govern the effectiveness of the collective bargaining agreement?
482 So.2d at 509. For the reasons which follow we must answer the certified question in the negative and quash that portion of the decision of the district court of appeal which conflicts with this opinion.
Before analyzing these issues it is necessary to set out all the relevant statutory and constitutional provisions. Section 447.309(3) provides:
If any provision of a collective bargaining agreement is in conflict with any law, ordinance, rule, or regulation over which the chief executive officer has no amendatory power, the chief executive officer shall submit to the appropriate governmental body having amendatory power a proposed amendment to such law, ordinance, rule, or regulation. Unless and until such amendment is enacted or adopted and becomes effective, the conflicting provision of the collective bargaining agreement shall not become effective (Emphasis added).
This statute clearly provides that collective bargaining agreements do not become effective unless and until the appropriate governmental body makes the necessary amendments. It is upon this statute that the Board and the Authority heavily rely.
Taking the contrary position GEA, PBA, and PERC argue that section 447.601, Florida Statutes (1985), resolves any conflict between the agreement and civil service rules. That statute provides:
The provisions of this part ["Public Employees"] shall not be construed to repeal, amend, or modify the provisions of any law or ordinance establishing a merit or civil service system for public employees or the rules and regulations adopted pursuant thereto or to prohibit or hinder the establishment of other such personnel systems unless the provisions of such merit or civil service system laws or ordinances or rules and regulations adopted pursuant thereto are in conflict with the provisions of this part, in which event such laws, ordinances, or rules and regulations shall not apply, except as provided in § 447.301(4) ["Public Employee Grievances"] (Emphasis added).
It is somewhat less clear what conflict this resolves. PERC, GEA and PBA argue that this provision mandates that when collective bargaining provisions conflict with civil service laws, ordinances, or rules, the bargaining contract must prevail. The result obtained under their interpretation of section 447.309(3) is opposite the result urged by the Authority, the Board, and the second district under their interpretation of this section. Because section 447.601 is ambiguous the conflict addressed is unclear. Certainly PERC's interpretation is one viable alternative, but it is by no means the only reasonable interpretation of the statute.
Against these statutory provisions there exists a backdrop of two seemingly contradictory constitutional provisions. The first, as part of the Florida Constitution's "Declaration of Rights," guarantees all persons the right to bargain collectively with their employers.[*] This right has been held to apply to public employees as well as those working in the private sector. Dade County Classroom Teachers Association v. Ryan, 225 So.2d 903 (Fla. 1969). Article III, section 14 authorizes the legislature to create local civil service systems for state, county, district, or municipal employees. Pursuant to this constitutional provision, the legislature has set up numerous civil service boards around the state, including the Hillsborough County Civil Service Board.
*361 It is with these constitutional and statutory provisions in mind that we examine the contentions of the parties. The Board argues that under section 447.309(3), it has the power to reject any application to amend its rules to conform with the collective bargaining agreement. The primary purpose of the civil service system, the Board further contends, is to maintain uniformity of pay and benefits throughout the local government. The Board's interpretation of the statute, the same interpretation given to it by the first district in Escambia County, would defeat the purpose of the civil service system because there would no longer be uniformity among the several collective bargaining units to which its rules apply.
The Authority argues, as it did in the second district below, that it could not have committed an unfair labor practice because it was merely following established statutory and case law. Their contention centers on an interpretation that the fair labor practices laws are punitive in nature rather than remedial.
GEA, PBA, and PERC contend that the interpretation of section 447.309(3) by the second district and the Board would render the statute unconstitutional as an impermissible abridgement of the right to bargain collectively. The employees argue that so long as the Board has the unilateral right to strike down any portion of the collective bargaining agreement, the right to enter into an effective collective bargaining agreement is nullified, thus violating Article I, section 6 of the Florida Constitution. The employees further contend that this Court should adopt the first district's interpretation of section 477.601 in Escambia County. The first district stated that when there is a conflict between the civil service rules and the collective bargaining agreement, the agreement controls.
Civil service boards began as a means of maintaining uniformity in wages, hours, and terms and conditions of employment among all public employees within the board's jurisdiction. The purpose was to insure that some public employees did not receive more or less benefits than other public employees for doing essentially the same job. The civil service system has evolved to the point where it is not necessary for each public employee doing the same job to rely on the civil service board to insure that terms and conditions of employment are uniform. Within each profession or type of employment in the civil service system, a union has evolved to help maintain fair and uniform working conditions. For example, police officers have the PBA to insure that they are treated in a fair and uniform manner just as government workers have the GEA to do the same for them.
The civil service board does not function to insure that police officers and government workers are treated uniformly with respect to each other and to the remaining public employees within the board's jurisdiction. Rather, due to the advent of public employee unions and collective bargaining, as guaranteed by our state constitution, the purpose of the civil service board has evolved to insure that public employees not represented by a union are treated in a uniform manner with respect to wages, hours, and terms and conditions of employment.
Our analysis must begin with a determination of which statute applies to the present set of circumstances. It is clear and unambiguous that section 447.309(3) must apply. The plain language of section 447.309(3) provides that the governmental body possessing amendatory power over the civil service rules and regulations may exercise discretion over whether the rules will be amended. While this discretion is not express, it is clear from the words "unless and until" that the Board has the power to decline proposed amendment changes.
While section 447.309(3) clearly applies, it is unclear whether section 447.601 applies to this case. The language of that statute does not clarify whether it was intended to control conflicts between collective bargaining agreements and civil service rules. The legislative history of this statute is equally ambiguous on the question of whether it should apply to this *362 particular type of conflict. Accordingly, we must reject the argument that section 447.601 controls this conflict. Section 447.309(3) is the statute intended by the legislature to control conflicts between the civil service laws, ordinances, and rules or regulations. The question of whether such application unconstitutionally abridges the right to bargain collectively must be addressed. For the reasons which follow, we hold that it does.
To fully understand the effect of the Florida Constitution on these statutory provisions, it is first essential to examine the purpose behind them. There is little question that Article I, section 6 was intended to, and does, benefit all employees, public or private. This Court has held that this provision grants public employees the same right to bargain collectively with their employers as that granted to private employees. City of Tallahassee v. Public Employees Relations Commission, 410 So.2d 487 (Fla. 1981); Dade County Classroom Teachers Association v. Ryan, 225 So.2d 903 (Fla. 1969). In comparison Article III, section 14 is also intended to benefit public employees. This benefit is accomplished through the regulation and rule-making power of the several local civil service boards that are charged with ensuring personnel systems are uniformly administered and that equal pay is given for equal work. Thus on the face of these two constitutional provisions, there is no real conflict since both are clearly intended to benefit public employees.
At the point in which the civil service system is implemented, problems have arisen. As applied section 447.309(3), Florida Statutes (1985), abridges the right of public employees to bargain collectively. Giving a local civil service board absolute veto power over the provisions of a collective bargaining agreement renders that agreement a nullity. It is presumed that the intent of the constitution is to grant the right of effective collective bargaining. Any restriction on the right to bargain collectively must necessarily violate article I, section 6 of the Florida Constitution.
We must note at this point that our holding does not apply to conflicts arising between collective bargaining agreements and statutes or ordinances. Rather, we object to the unbridled discretion of civil service boards to strike down collective bargaining agreements through their rule making and amendatory power. Thus, section 447.309(3) stands as it applies to conflicts between statutes or ordinances and agreements reached between public employers and employees through the art of collective bargaining.
The right to bargain collectively is, as a part of the state constitution's declaration of rights, a fundamental right. As such it is subject to official abridgement only upon a showing of a compelling state interest. This strict-scrutiny standard is one that is difficult to meet under any circumstance; it is especially difficult when there is seemingly no check on a board's discretion. There may be some instances when the state can meet this standard, but in this case no compelling state interest has been shown. The Board and the Authority argue that the goals of uniformity and equal pay for equal work constitute the compelling state interest necessary to override a fundamental right. Initially there is some doubt as to whether the civil service rules actually accomplish these goals. However, even if they do, uniform personnel administration is not so compelling an interest as to warrant the abridgement of an express fundamental right. The goal of equal pay for equal work is a noble one, and one that should be maintained whenever possible. However, there must exist some less intrusive means of accomplishing that goal without impeding so dramatically on the right to bargain collectively. Moreover, the right to collectively bargain is not necessarily inconsistent with the goals of uniformity and equal pay for equal work. The parties to a negotiation are not prevented from discussing these issues. Since these goals benefit both employer and employee, it would seem likely that such discussions would be a necessity in any collective bargaining session.
*363 The art of collective bargaining is one of give and take. It is probable that through the process of negotiation the employees were required to forfeit some benefit to which they were otherwise entitled in order to gain the personal holidays, funeral leave, and seniority benefits which they did receive, and which the Board eventually refused. Were an entity such as a civil service board allowed to strike provisions at will, the entire collective bargaining agreement would be of no value. We believe that this is far too great a price to pay for so-called uniform personnel administration.
The Florida Constitution guarantees public employees the right of effective collective bargaining. This is not an empty or hollow right subject to unilateral denial. Rather it is one which may not be abridged except upon the showing of a compelling state interest. No such showing has been made here, so this impediment upon a fundamental right cannot be sustained. Accordingly, we answer the certified question in the negative. While it is clear that section 447.309(3) does apply to this conflict, it is equally clear that the statute, as applied, unconstitutionally abridges the fundamental right of public employees to bargain collectively.
Therefore, we hold that a public employer must implement a ratified collective bargaining agreement with respect to wages, hours, or terms and conditions of employment, despite the fact that such implementation may conflict with applicable civil service board rules. Nonetheless, because the existing law in the Second District Court of Appeal validated the position taken by the Authority, the Authority should not be held to have committed an unfair labor practice, and the PERC order shall be deemed prospective only from the date of this decision. See Hotel, Motel, Restaurant Employees & Bartenders Union v. Escambia County School Board, 426 So.2d 1017 (Fla. 1st DCA 1983). However, to the extent the decision of the Second District Court of Appeal below and Pinellas County Police Benevolent Association v. Hillsborough County Aviation Authority, 347 So.2d 801 (Fla. 2d DCA 1977), conflict with our holding today, we disapprove of those decisions. Accordingly, we remand this case for disposition consistent with this opinion.
It is so ordered.
EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.
OVERTON, J., dissents with an opinion, in which McDONALD, C.J., concurs.
OVERTON, Justice, dissenting.
I dissent. I totally disagree with the conclusion that section 447.309(3), Florida Statutes (1985), is unconstitutional as applied. The majority, by its action, has effectively eliminated civil service systems in the state of Florida whenever a labor union has negotiated a collective bargaining agreement for governmental employees. Civil service systems are not just creatures of the legislature, but are expressly authorized under article III, section 14, of the Florida Constitution. The majority opinion has rendered this provision a nullity in situations where a collective bargaining agreement exists.
This majority fails to properly consider that civil service systems in most governmental entities regularly cover multiple employee groups. Civil service was instituted to protect public employees from the vagaries of political change and resulting political cronyism by the establishment and maintenance of a uniform personnel system. This opinion eliminates a large part of that goal and purpose. Now, employees with the same governmental entity, because they belong to different employee groups for collective bargaining purposes, can have different holidays, leave, and grievance procedures and no uniform personnel processes. In my view, this will clearly cause dissatisfaction and animosity between the various employee groups within one governmental entity. Politics will again be substantially involved because one employee group will invariably have more political clout than another.
This decision is a death knell for civil service systems. Eventually, public employees *364 will have only the collective bargaining agreements to look to for their protection because civil service systems will have been phased out in view of the fact that the prime purpose for their existence has been eliminated by this judicial legislation.
Article III, section 14, authorizing the legislature to create civil service systems, and article I, section 6, providing a general right-to-work provision and a right for employees to collectively bargain, are both constitutional provisions established to protect the interests of public employees. They should be construed together in a manner that benefits public employees and not in a way that makes one superior to the other.
I find the legislature, in enacting section 447.309(3), did so to make sure that public employees of one entity would be treated uniformly. This is a rational legislative justification for the statute. The act, in my view, is in accordance with the legislature's constitutional authority and has the clear intent of furthering the purpose of the civil service system. I would approve the full opinion of the Second District Court of Appeal.
McDONALD, C.J., concurs.
NOTES
[*] Article I, section 6 of the Florida Constitution, entitled "Right to Work," provides:

The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike.