NESBITT, Judge.
The City of Opa-Locka (City) appeals an order confirming an arbitration award reinstating a police officer employed by the City. After the officer had been terminated for disciplinary reasons, the Dade County Police Benevolent Association (PBA), the union representing the Dade County police officers, resolved the dispute through arbitration, the grievance procedure contained in the collective bargaining agreement (CBA) in effect between the City and the PBA. The PBA claimed disciplinary matters were subject to arbitration. We disagree and vacate the order under review for the following reasons.
Officer Charles Jones received a notice of possible termination from the City by letter dated October 12, 1989. The PBA filed a grievance against the City seeking to have the dispute resolved through arbitration. The acting chief of police denied the grievance and terminated Jones. Thereafter, the PBA filed a demand for arbitration with the American Arbitration Association. Over objection by the City, arbitration was set for May 14, 1990. On that date, the City Attorney faxed a letter to the arbitrator advising her that the City was not going to participate in the arbitration, repeating its objection that arbitrators were not empowered to hear disciplinary matters.
After a hearing, the arbitrator issued an award requiring the immediate reinstatement of Officer Jones, including retroactive compensation for all lost wages and benefits. The City refused to comply with the award, whereupon Officer Jones filed an action in circuit court to confirm the arbitration award in accordance with sections 682.12 and 682.17, Florida Statutes (1991). The City filed a response, and moved both to vacate the arbitration award and to have the trial court declare that disciplinary matters were not subject to the instant CBA. Officer Jones, in turn, moved for summary judgment which was ultimately denied, after a hearing. The City’s motion to vacate the award was also denied. After a hearing, the court confirmed the arbitration award, denied the City’s motions to vacate the award and for declaratory judgment, and awarded Officer Jones attorney’s fees and costs. On appeal, the City contends that disciplinary action is not grievable pursuant to the CBA and argues that the lower court acted improperly in confirming the arbitrator’s award.
In her award, the arbitrator noted that language in articles 15 and 23 in the CBA triggered the grievance procedure rights set forth in article 32. Article 15 section 7 provides:
*520 Employees shall not be dismissed or disciplined resulting in loss of pay or benefits except for just cause and due process as provided in this agreement.
(Emphasis added).
Article 23 provides in pertinent part:
The City shall have the right to determine unilaterally the purpose of the police department, set standards of service to be offered to the public, and exercise control and discretion over the police department and its operations. The City shall have the right to direct the police employees, taking disciplinary action for proper cause and to relieve any police employee from duty because of lack of work or for other legitimate reason. Except as otherwise provided in this agreement, the City shall manage, control and administer the police department.
(Emphasis added).
Article 32 section 2 provides:
A grievance shall be defined as any disagreement over the interpretation and application of the terms of this agreement.
The City contends that the arbitration process was never intended to be used for disciplinary matters. Rather, the power to discipline rests solely with the City under its Civil Service Rules and Regulations, Code of Ordinances, and City Charter. Thus, argues the City, the order confirming the arbitrator’s award should be vacated in accordance with section 682.-13(l)(e), Florida Statutes (1991), which provides that the court shall vacate an arbitration award when there is no provision for arbitration in the parties’ agreement. We agree.
First, the CBA does not divest the City of its right to discipline its employees, as the PBA argues. Article 15 section 7 and article 23, when construed, require that as a matter of policy before it seeks disciplinary action against a police officer, a procedure must be established which affords an officer both a substantial basis to support any disciplinary action undertaken as well as due process during such a proceeding. Such provisions do not allow an aggrieved officer to forego the procedure set forth in the civil service ordinance, contained in the City Charter, regarding appeals of officers and certain other employees upon suspension. Section 192 of the City Charter provides that any officer may be suspended, reduced in pay, or removed by an officer having authority to appoint a successor, upon written notice stating the reasons for the suspension, redaction, or removal. Thereafter, the officer has five days after receipt of the notice within which to appeal to the Personnel Board for a hearing. The Board then has five days within which it must hold a public hearing, at which time the officer shall have the right to appear and be heard, and call witnesses. Finally, the Board may make any further investigations it deems proper, and within forty-eight hours after the completion of the public hearing or investigation, it must report its findings which will become a part of the public record in the Personnel Department. Thus, the provisions in the CBA generally assure a police officer due process on termination or discipline for just cause. They do not mandatorily confer the power to discipline in an arbitrator.
Consequently, the above-quoted provisions of the CBA are directory and do not require that disciplinary proceedings be initiated before an arbitrator or that disciplinary proceedings concluded be reviewed by arbitration.
Second, the PBA argues that if a conflict does in fact exist between the civil service rules and the CBA provisions concerning disciplinary appeals, the conflict must be resolved in favor of the CBA because the supreme court has ruled that provisions of a CBA will prevail when conflict arises between it and civil service rules. Hillsborough County Govt’l Employees Ass’n v. Hillsborough County Aviation Auth., 522 So.2d 358 (Fla.1988). The Hillsborough County case, however, dealt with mandatory bargaining provisions such as wages, hours, and terms and conditions of employment. See generally City of Miami v. F.O.P., Miami Lodge 20, 571 So.2d 1309, 1320 (Fla. 3d DCA 1989) (“Under Section 447.309, Florida Statutes (1983), if a subject involves the determination of ‘wages, hours, and terms and conditions of *521 employment of the public employees,’ then it is considered a ‘mandatory’ subject of bargaining over which the employer and the union must bargain in good faith to the point of impasse.” Id. at 1321), aff'd., 609 So.2d 31 (Fla.1992). While demotion and discharge of officers, including the definition of “cause” for discharge, are also mandatory subjects of bargaining, under a proper construction of chapter 447, Part II, it is not mandatory to include demotion and discharge provisions in the grievance procedure contained in a CBA. Orange County Police Benevolent Ass’n v. City of Casselberry, 457 So.2d 1125, 1128 (Fla. 1st DCA1984), aff'd in part, rev’d in part on other grounds, 482 So.2d 336 (Fla.1986). This is true even where, as here, the City has an existing civil service ordinance covering demotion and discharge. Id. Furthermore, the supreme court in the Hills-borough County case noted that its holding did not apply “to conflicts arising between collective bargaining agreements and statutes or ordinances.” 522 So.2d at 362. Thus, both these cases cited by the PBA are inapposite and provide no support for its argument.
Accordingly, we vacate the order under review, and hold that the disciplinary action taken by the City towards the police officer is not grievable pursuant to the instant collective bargaining agreement.
Reversed and remanded.