Mr. Frank B. Gummey, III Daytona Beach City Attorney Post Office Box 2451 Daytona Beach, Florida 32115-2451
Dear Mr. Gummey:
You ask substantially the following question:
Does an amendment to city charter pension provisions for city employees in a collective bargaining unit require a referendum?
In sum:
Section 166.021(4), Florida Statutes, requires referendum approval for any changes in a municipal charter affecting the rights of municipal employees.
You state that the City of Daytona Beach has a defined benefits pension plan for certified police officers and firefighters. Plan members include employees outside and within collective bargaining units. The city has a local law plan under sections 175.351 and185.35, Florida Statutes. Originally enacted by Chapter 65-1443, Laws of Florida, which became subpart D of the City Charter, the plan has been amended several times by referendum.
Section 447.309(1), Florida Statutes, recognizes that agents for a certified employee organization and the chief executive officer of a public employer may bargain collectively to determine wages, hours, and terms and conditions of employment of the public employees within the bargaining unit. Any collective bargaining agreement reached by the negotiators must be reduced to writing and signed by the chief executive officer and the bargaining agent. The signed agreement, however, is not binding on the public employer until it has been ratified by the public employer and by the public employees who are members of the bargaining unit. Subsection (3) of section 447.309, Florida Statutes, places a further restriction on collective bargaining agreements, stating:
"If any provision of a collective bargaining agreement is in conflict with any law, ordinance, rule, or regulation over which the chief executive officer has no amendatory power, the chief executive officer shall submit to the appropriate governmental body having amendatory power a proposed amendment to such law, ordinance, rule, or regulation. Unless and until such amendment is enacted or adopted and becomes effective, the conflicting provision of the collective bargaining agreement shall not become effective."
In Hillsborough County Governmental Employees Association v.Hillsborough County Aviation Authority,[1] the Supreme Court of Florida considered whether a civil service board's refusal to amend its rules in order to comply with a collective bargaining agreement would unconstitutionally abridge employees' rights to collectively bargain. The court concluded that section 447.309(3), Florida Statutes, would violate Article I, section 6 of the Florida Constitution guaranteeing the right to collective bargaining for public employees, if it were interpreted to allow a civil service board to veto conflicting collective bargaining agreement provisions that have been negotiated by the public employer and the certified employee organization. The Court, however, noted specifically that its holding did not apply "to conflicts arising between collective bargaining agreements and statutes or ordinances."[2] This office has not found, nor have you provided, a subsequent court case in which this conclusion has been altered.
Citing Attorney General Opinions 73-49, 73-427 and 75-136, you note that this office has previously concluded that a referendum is required for amendments to a municipal charter affecting pension rights of municipal employees. An apparent contrary conclusion has been reached by the Public Employees Relations Commission (PERC) in In re The Petition for Declaratory Statementof the City of Miami Beach,[3] stating that amendments to pension benefits provisions for collective bargaining unit employees contained in a city charter are not subject to referendum approval.
In reaching this conclusion, PERC attempts to reconcileHillsborough County Aviation Authority and a previous PERC opinion In re Lake Worth Utilities Authority.[4] The commission inLake Worth Utilities Authority addressed whether referendum approval was necessary for changes to employee rights contained in a city's charter. Noting that the Legislature, by enactment of Part II, Chapter 447, Florida Statutes, had granted the authority to make such changes through collective bargaining by the elected or appointed representative of the public and the public employees, PERC concluded that referendum approval was not necessary for changes in wages, hours, and terms and conditions of employment for public employees. Moreover, PERC noted that Chapter 447, Florida Statutes, does not contain a requirement that such changes be submitted to a public referendum.
The lack of a requirement for referendum approval in Chapter 447, Florida Statutes, however, does not alter the mandate for such approval under section 166.021, Florida Statutes, when changes to the city's charter affect employee rights. Section 166.021(4), Florida Statutes, recognizes the broad home rule powers of municipalities, but specifically limits any changes in special laws or municipal charters that affect the rights of municipal employees to those that are approved by referendum. In this instance, the pension plan's provisions are contained in the municipality's charter and any change in such provisions would require referendum approval, absent a judicial determination otherwise.[5]
Accordingly, it is my opinion that unless judicially determined otherwise, any amendments to provisions in a city charter that affect the rights of a public employee must be approved by referendum.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] 522 So.2d 358 (Fla. 1988).
[2] 522 So.2d at 362.
[3] Case No. DS-97-001, July 25, 1997, Public Employees Relations Commission.
[4] 9 FPER Paragraph 14178 (1983).
[5] Cf., Op. Att'y Gen. Fla. 83-87 (1983) (municipal ordinance establishing retirement fund or system may be amended without approval by referendum); and Op. Att'y Gen. Fla. 84-67 (1984) (provisions of special act establishing a civil service system may be amended by ordinance passed by the city council and approved by a majority of the classified employees of the city as method provided in the special act takes precedence over s. 166.021(4), Fla. Stat., which was enacted before the special act).