SCHWARTZ, Senior Judge.
The issue presented in this case is exactly the same as the one decided by then *238 circuit judge, later Fifth District Court of Appeal Judge David Monaco in International Brotherhood of Teamsters, Local 385 v. City of Daytona Beach, 162 LRRM 2428 (Fla. 7th Jud.Cir.Ct. Aug. 10, 1999). His opinion comprehensively and ably discusses the arguments presented by each side in this case. The appellant, the City of Miami Beach, argues that the declaratory decision below incorrectly required a referendum by the voters approving or disapproving a collective bargaining agreement between the city and one of its employee unions. The appellee, the city pension board, contends to the contrary. We could not improve on Judge Monaco’s decision and we adopt it as our own in its entirety:
There are three statutory and constitutional provisions that directly impact the issues presented by this case. The first is, which states in pertinent part: However, nothing in this act shall be construed to permit any changes in a special law or municipal charter which affect ... any rights of municipal employees, without approval by referendum of the electors as provided in s. 166.081. Apparently, as the plaintiffs point out, this statute was adopted at a time when public employees were not typically grouped into collective bargaining units, and were instead protected primarily by civil service boards. The intent of the statute seems to be to protect public employees from losing valuable employment rights based on political changes of administration. If so, then the purpose of the statute in the current context is superfluous, as the employees represented by the Bargaining Agents can now act for their own protection through collective bargaining, and have little need for the referendum backstop. As to the non-represented public employees, however, the statute is still a very valuable asset.
In any event, based on this statute the City has taken the position that it is required to submit the bargained for amendments to the pension plan — and, hence, its municipal charter — to the electors of the City. The pension plan, it is argued, is part of the municipal charter and involves the rights of municipal employees. According to the City, therefore, the amendments must be ratified by referendum by the City’s electors before they can become effective.
The Bargaining Agents however, point to ... in support of their position that submission of the issue to a referendum is improper, reads, as follows:
The rights of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike.
Section 447.309(3), Florida Statutes, says:
If any provision of a collective bargaining agreement is in conflict with any law, ordinance rule or regulation over which the chief executive officer has no amendatory power, the chief executive officer shall submit to the appropriate government body having amendatory power a proposed amendment to such law, ordinance, rule or regulation. Unless and until such amendment is enacted or adopted and becomes effective, the conflicting provisions of the collective bargaining agreement shall not become effective.
The Bargaining Agents argue that as there is no mention of a referendum required to implement collective bar *239 gaining agreements in Chapter 447, Florida Statutes, the requirement for submission of the Pension Agreement to a referendum is violative of Article I, Section of the constitution of the State. The present controversy has been considered by both the Attorney General’s Office and by the Public Employees Relations Commission (“PERC”). Those bodies came to opposite conclusions regarding whether the subject pension changes have to be submitted to a referendum.
The PERC opinion in the case entitled Petition for Declaratory Statement of the Teamsters Local 385, Case No. DS-99-002 (Order No. 99DS-152, June 10, 1999), relied on an earlier PERC opinion in the case of In Re City of Miami Beach, 23 FPER ¶ 28230 (1997), and held that a referendum is not necessary when changes to a pension plan have been collectively bargained for and the pension plan is part of the city code. The holding in both the Daytona Beach and the Miami Beach PERC decisions was essentially that the electors of the public employer cannot abrogate a collective bargaining agreement negotiated by the legislative body. Under the PERC view, the state collective bargaining statute (Chapter 447, Part I, Florida Statutes), preempts any requirement of Section 166.021(4), Florida Statutes, that the city submit the negotiated pension plan changes for approval by referendum.
On the other hand, the Attorney General’s opinion (AGO 98-56, dated September 16, 1998), which concluded that a referendum was required, [relied] heavily on the case of Hillsborough County Governmental Employees Assn. v. Hillsborough County Aviation Auth., 522 So.2d 358 (Fla.1988). In that case the Supreme Court considered whether the refusal of a civil service board to amend its rules in order to comply with a collective bargaining agreement would violate, because the refusal would abridge the right of the employees to bargain collectively. The Court held that Section 447.309(3), Florida Statutes, would be unconstitutional if the statute was interpreted to allow a civil service board to veto the provision of a collective bargaining agreement that had been negotiated by a public employer and a certified employee organization. In doing so, however, the Court said, as well (at page 362):
We must note at this point that our holding does not apply to conflicts arising between collective bargaining agreements and statutes or ordinances. Rather, we object to the unbridled discretion of civil service boards to strike down collective bargaining agreements through their rule making and amendatory powers. Thus, section 447.309(3) stands as it applies to conflicts between statutes or ordinances and agreements reached between public employers and employees through the art of collective bargaining.
The Attorney General reviewed this quoted language and determined that since there are no cases that alter this position, his office is bound by the high court’s commentary. The Attorney General concluded, therefore, that any amendment to the provisions of the City’s charter that affect the rights of public employees, including the collectively bargained for Pension Agreement, must be approved by referendum.
The Florida Constitution guarantees public employees the right of effective collective bargaining. Collective bargaining is embedded in our state constitution’s Declaration of Rights, and is deemed by our Supreme Court to be a *240 fundamental right. Chiles v. State Employees Attorneys Guild, 734 So.2d 1030 (Fla.1999); Hillsborough County Aviation Auth., 522 So.2d at 362; see also, State Employees Attorneys Guild v. State, 653 So.2d 487, 488 (Fla. 1st DCA 1995); City of Miami v. F.O.P., Miami Lodge 20, 571 So.2d 1309, 1316 (Fla. 3d DCA 1991). Thus, the initial issue for determination by the court is whether the statutory scheme abridges the fundamental right of collective bargaining where the collectively bargained Pension Agreement between the City and the Bargaining Agents for public employees, although unanimously approved by the City Commission, as the appropriate legislative body, must still be approved by the electors before it becomes effective. I think the answer is, yes.
Collective bargaining, according to the statutes, is “the performance of the mutual obligations of the public employer and the bargaining agent of the employee organization to meet at reasonable times, to negotiate in good faith, and to execute a written contract with respect to agreements reached concerning the terms and conditions of employment.” Under Chapter 447, the chief executive officer of the governmental unit and the bargaining agent are to meet and bargain in good faith. The chief executive officer of the governmental unit is also required to “consult with, and attempt to represent the views of the legislative body of the public employer.”
It is obvious that the chief executive officer of a public employer cannot possibly meet with the thousands of electors who would vote in a referendum. Thus, collective bargaining can only be meaningful and effective if the bargaining official for the public employer represents the view of the legislative body. The present facts are illustrative of the problem. Here, the city manager and the Bargaining Agents for the City’s police and firefighters began the process of modifying the pension plan about two years ago. The City Commission unanimously approved the Pension Agreement, and the affected city employees likewise voted their approval. If the voters were to fail to ratify the Pension Agreement, two years will have been wasted in this process, and it will likely take two more years to submit another agreement. Thus, to compel the plan now to be voted on by the electors, who by sheer numbers could not be a part of the collective bargaining process beyond the election of members of the City Commission, and who could not possibly have been consulted by the bargaining representative for the City, is'unquestionably an “abridgement” of the right of collective bargaining.
The inquiry, however, does not end there. The Supreme Court has stated that the right to bargain collectively, as a fundamental right, may only be abridged upon the showing of a “compelling state interest.” Chiles, 734 So.2d at 1030; Hillsborough County Aviation Auth., 522 So.2d at 362. Thus, the next question for determination is whether the City has demonstrated a compelling state interest in requiring a referendum.
In response to a request from the court each party briefed the issue of whether there was a compelling state interest in requiring the referendum. In the Hillsborough County case the Florida Supreme Court said that the standard for showing a compelling state interest was “difficult to meet under any circumstances.” Hillsborough County Aviation Auth., 522 So.2d at 362. Furthermore, to demonstrate a compelling state interest there must be an important societal need that would be met, and the governmental unit is required to use the *241 least intrusive means to achieve the goal. Chiles, 734 So.2d at 1030; Florida Board of Bar Examiners Re: Applicant 63161, 443 So.2d 71, 74 (Fla.1983). The City, thus, has a heavy burden to meet. The City asserts only that the right to vote is the compelling state interest that here authorizes the referendum. The right to vote is indeed a fundamental right of the highest order and is guaranteed by both the state and federal constitutions. But does this really answer the question? I think not. The right to vote is vindicated by the election of members of the City Commission, who are then tasked with the consideration of the collective bargaining agreement. Moreover, it is clear that not all of the terms and conditions of employment between the city and the Bargaining Agents require a referendum. Wages, salaries and hours, for example, as important as they are, are not subject to referendum simply because they are not part of the City charter. It is only the pension plan that is included in the charter, and accordingly it is only the pension plan that can be the subject of referendum approval. Surely pension plans are not more deserving of voter approval than wages, hours, and other conditions of employment.
Furthermore, as the Bargaining Agents have pointed out, not all cities have employee pension plans embedded in their charters. In fact, the Bargaining Agents suggest that most Florida cities do not have their pension plans in their organic document. If the right to vote on public employee pension plans is a compelling state interest, then surely the state would requiré all cities to submit pension plan votes to a referendum. The state does not do so, and the implication is obvious. The City, therefore, has failed to demonstrate that there is a compelling state interest in requiring a referendum, given the abridgement of the right to bargain collectively.
It thus appears to the court that the referendum requirement of Section 166.021(4), Florida Statutes, as the City seeks to apply it to the collectively bargained Pension Agreement, is violative of Article I, Section 6 of the Florida Constitution. Having arrived at this conclusion, it is now appropriate to consider the Supreme Court’s language in the Hillsborough County case quoted earlier that caused the Attorney General to opine that the referendum was required.
In concise terms, Section 447.309(3), Florida Statutes, says that if there is a conflict between a collective bargaining agreement and any law, ordinance, rule or regulation, the chief executive of the governmental entity must, if he or she has no amendatory power, submit the matter to the governmental body that can make the amendment. The statute then says that the agreement does not go into effect until the amendment is made. That is to say, the statute gives the applicable legislative or regulatory body the final say so on the collective bargaining agreement. There is no mention of a referendum.
The issue before the Supreme Court that was the subject of the opinion in the Hillsborough County case was certified by the district court, as follows:
When provisions of a collective bargaining agreement which has been entered into by a public employer conflict with civil service rules and regulations and the governmental body having amendatory power over the civil service rules and regulations refuses to amend those rules and regulations in such a manner as to eliminate the conflict, does section *242 447.309(3) apply to civil service rules and regulations and therefore govern the effectiveness of the collective bargaining agreement? Hillsborough County, supra, 522 So.2d at 359.
Simply put, could the civil service board, which had not participated in the collective bargaining in question, veto the collective bargaining agreement. The Supreme Court said no, and required the public employer to implement the collective bargaining agreement despite its conflict with the civil service rules. Immediately before the questioned language the high court held essentially that if Section 447.309(3), Florida Statutes, were interpreted to allow a civil service board to veto a collective bargaining agreement, then the statute had to be unconstitutional as applied. In the language that is troubling this court, the Supreme Court then notes that its holding does not apply to conflicts between collective bargaining agreements and statutes and ordinances, and that Section 447.309(3) still governs those conflicts.
It is clear that the Supreme Court in rendering the Hillsborough County decision did not have under consideration any potential conflict between a collective bargaining agreement and Section 166.021(4), requiring a referendum to make charter changes affecting employee rights. It also seems likely that the Supreme Court did not mean that there could never be any statute that could be unconstitutionally applied when it conflicted with a collective bargaining agreement. The Supreme Court surely did not intend forever to foreclose any ■consideration of the [constitutionality] of any conflicting pieces of legislation or regulatory matters dealing with collective bargaining agreements. Finally, and most importantly, the real conflict in the present case is not between the collective bargaining agreement and any statute or ordinance, it is between two unintentionally conflicting statutes: Section 166.021(4) and Section 447.309(3). Thus, the specific questioned language is not directly applicable to the present case.
The Public Employees Relations Commission in Petition for Declaratory Statement of the City of Miami Beach, 23 FPER ¶ 28230 (1997), in considering the identical issue presented to this court, had the following observations about the quoted language from the Supreme Court in the Hillsborough County case:
Under the scheme adopted in Chapter 447, Part II, it is the public employer’s legislative body, acting in the public interest and on behalf of the electorate which selected it as their representative, which is the ultimate authority to decide the terms and conditions of employment of its employees through collective bargaining. The electors cannot abrogate a collective bargaining agreement negotiated by the legislative body. To the same effect, the Court in Hillsborough County Aviation Authority held that a civil service board cannot overrule an agreement fully negotiated by a public employer and ratified by its legislative body. [Citations omitted].
ORDERED, DECLARED AND ADJUDGED that the referendum requirement of Section 166.021(4), Florida Statutes, with respect to the collective bargained Pension Agreement in this case is violative of Article-1, Section 6 of the Florida Constitution, and that in accordance with Section 447.309(3), Florida Statutes, no referendum is nee- *243 essary for the City to ratify the subject pension agreement.[1]
The result of our adoption of the decision and opinion in the International Brotherhood of Teamsters, Local 385 case is the reversal of the declaratory judgment on appeal.
Reversed.

. Judge Monaco’s recognition of the lawyers involved in that case applies equally to those in this one:
Before concluding the court wishes to thank counsel for both parties for their professionalism, candor, promptness and well-drafted and well-articulated briefs and arguments. The questions presented were extremely difficult for this judge to decide because of the very important societal values that seem to collide here. The competence of counsel was of great benefit.