423 So.2d 429 (1982)
UNITED FACULTY OF FLORIDA, LOCAL 1847, Appellant,
v.
BOARD OF REGENTS, STATE UNIVERSITY SYSTEM, Appellee.
No. AH-110.
District Court of Appeal of Florida, First District.
November 24, 1982.
*430 Steven A. Been, Tallahassee, and Ronald G. Meyer, Tallahassee, for appellant.
Caesar J. Naples, Tallahassee, for appellee.

ORDER GRANTING PARTIES' JOINT MOTION TO RECALL AND MODIFY MANDATE AND FOR CLARIFICATION
PER CURIAM.
We issued an opinion in this case on July 27, 1982. See United Faculty of Florida, Local 1847 v. Board of Regents, State University System, 417 So.2d 1055 (Fla. 1st DCA 1982). No motion was made for rehearing or clarification and the mandate issued on August 27, 1982. Certiorari review was not sought from the supreme court. This joint motion was filed October 19, 1982, seeking relief from an apparent inconsistency in the opinion which caused difficulty in the agency's implementation of the holding and directions of the court.
We have the power to recall our mandate so long as it is within the term during which the opinion was issued. See State Farm Mutual Automobile Insurance Company v. Judges of the District Court of Appeal, Fifth District, 405 So.2d 980 (Fla. 1981). The applicable term commenced July 1, 1982, and will conclude December 31, 1982.
Having considered the merits of the joint motion, we exercise this Court's power and hereby withdraw the mandate and clarify the opinion previously published.
The parties direct the court's attention to the holding in the case that "graduate assistants" are employees and as such are deleted from Section 447.203(3)(i), Florida Statutes (1981). Confusion exists in that the parties and lower tribunal have consistently used the term "graduate assistants" generically and collectively as representative and inclusive of all five job classifications encompassed by the certifications at issue, they being: graduate teaching assistants, graduate teaching associates, graduate research assistants, graduate research associates and graduate assistants. The certification was challenged with that understanding, the evidence and proof supported the inclusion of the collective group and the parties acknowledged such in their briefs.
We agree that the opinion is susceptible of inconsistent application and, to eliminate the perceived obfuscation, do modify the final paragraph of the opinion to read as follows:
Accordingly, the several categories of graduate students collectively and generically referred to as "graduate assistants" shall be deleted from Section 447.203(3)(i), Florida Statutes (1981) (State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978)), which shall now provide:
(3) "Public employee" means any person employed by a public employer except:
.....

*431 (i) Those persons enrolled as under-graduate students in the State University System who perform part-time work for the State University System.
PERC's order dated September 24, 1981, vacating certification numbers 501 and 502 in favor of UFF as bargaining agent for graduate research associates, graduate research assistants, graduate teaching associates, graduate teaching assistants and graduate assistants is hereby reversed.
JOANOS and WIGGINTON, JJ., and OWEN, WILLIAM C., Jr., Associate Judge, concur.