630 So.2d 1093 (1994)
STATE ex rel. Lawton CHILES, etc., et al., Petitioners,
v.
PUBLIC EMPLOYEES RELATIONS COMMISSION, et al., Respondents.
No. 81835.
Supreme Court of Florida.
February 3, 1994.
*1094 Robert A. Butterworth, Atty. Gen. and Louis F. Hubener, Asst. Atty. Gen., Tallahassee, and Peter J. Hurtgen, Sp. Asst. Atty. Gen., of Morgan, Lewis & Bockius, Miami, for petitioners.
Stephen A. Meck, General Counsel and Jack E. Ruby, Asst. Gen. Counsel, Public Employees Relations Com'n, Tallahassee, and Thomas W. Brooks of Meyer and Brooks, P.A., Tallahassee, on behalf of State Employees Atty. Guild (SEAG), for respondents.
Stephen G. De Nigris, Washington, DC, amicus curiae for State Employees Atty. Guild (FPD, NUHHCEA/AFSCME).
McDONALD, Judge.
The State of Florida petitions for a writ of prohibition directed to the Public Employees Relations Commission (PERC). We find that this Court does not have jurisdiction to issue the writ, and, therefore, we deny the petition.
On March 23, 1993, the State Employees Attorneys Guild (SEAG) filed a petition with PERC, pursuant to section 447.307(2), Florida Statutes (1991), seeking certification of a bargaining unit composed of attorneys who are employed by the State of Florida. PERC entered an order finding reasonable cause to believe the petition sufficient and ordered an evidentiary hearing on questions concerning representation and unit determination. On April 12, 1993, the State filed a response to the petition, contending that the proposed bargaining unit was an unconstitutional attempt to regulate and alter the practice of law, in derogation of the Supreme Court's exclusive jurisdiction under article V, section 15 of the Florida Constitution. The State also requested that PERC issue a stay of the administrative proceeding pending the State's decision to file a petition for writ of prohibition with this Court. PERC denied the request for stay, but this Court granted the stay. The State now seeks entry of an order prohibiting PERC from proceeding further with certification of a bargaining unit for state employed attorneys.
The writ of prohibition is an extraordinary writ that may be granted only when a lower court is without jurisdiction or attempts to act in excess of jurisdiction. English v. McCrary, 348 So.2d 293 (Fla. 1977). Article V, section 3(b)(7) of the Florida Constitution provides that the Supreme Court "may issue writs of prohibition to courts and all writs necessary to the complete exercise of its jurisdiction." Because the plain language of this provision specifically limits the issuance of writs of prohibition to courts, we do not have jurisdiction to issue a writ of prohibition to a state agency like PERC.
This Court may also exercise jurisdiction via the "all writs" provision of article V, section 3(b)(7) of the Florida Constitution. *1095 In Florida Senate v. Graham, 412 So.2d 360 (Fla. 1982), we held that this Court may issue all writs necessary to aid the Court in exercising its "ultimate jurisdiction." Id. at 361. Article V, section 15 of the Florida Constitution vests this Court with the "exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." Because the regulation of attorneys falls within the Court's ultimate power of review, the all writs clause could arguably be invoked as a basis for this Court's jurisdiction. The pivotal issue in the instant case, however, is whether PERC's statutory certification process infringes on this Court's jurisdiction over attorneys. We find that collective bargaining by state employed attorneys does not encroach upon this Court's jurisdiction over the admission of attorneys to the practice of law or the discipline of attorneys.
Under section 447.307, Florida Statutes (1991), PERC is required to process the representation-certification petition of SEAG. Because PERC has not yet held a hearing on SEAG's petition, as required by the statute, the State's petition in this proceeding is premature. Under ordinary circumstances, once PERC has issued a final order on the matter and a notice of appeal has been filed, the district court of appeal shall have jurisdiction and may grant such relief as it deems just and proper. § 447.504, Fla. Stat. (1991). Of course, it is always possible that PERC's subsequent rulings in this proceeding could interfere with this Court's regulation of the practice of law, thereby triggering our jurisdiction, but it is clear that nothing like this has yet occurred. Accordingly, the State's petition is denied.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.