653 So.2d 487 (1995)
STATE EMPLOYEES ATTORNEYS GUILD, FPD, NUHHCE, AFSCME, AFL-CIO, Appellant,
v.
STATE of Florida and Public Employees Relations Commission, Appellees.
No. 94-1591.
District Court of Appeal of Florida, First District.
April 13, 1995.
Rehearing Denied May 18, 1995.
Thomas W. Brooks of Meyer and Brooks, P.A., Tallahassee, for appellant.
Pamela L. Cooper, Gen. Counsel, Tallahassee, for amicus curiae/Florida Teaching Profession-National Educ. Ass'n.
Robert A. Butterworth, Atty. Gen., Gerald B. Curington, Asst. Atty. Gen. and M. Catherine Lannon, Asst. Atty. Gen., Tallahassee, for appellees.
*488 DAVIS, Judge.
The State Employees Attorneys Guild (SEAG) appeals an order of the Florida Public Employees Relations Commission (PERC) dismissing its petition to be certified as exclusive bargaining agent of attorneys employed by the State of Florida. The parties state, correctly, that PERC was required by law to dismiss the petition.[1] We affirm, but decline to reach the question of the constitutionality of section 447.203, Florida Statutes (Supp. 1994), because of the lack of a record to support the factual allegations upon which the parties rely.
SEAG filed a petition with PERC seeking to be certified as exclusive bargaining agent of attorneys employed by the State of Florida. PERC found that petition to be sufficient and assigned a hearing officer. The State then filed a petition for writ of prohibition in the Supreme Court of Florida seeking to prohibit the certification of a bargaining unit of state-employed attorneys. The supreme court denied that petition. State ex rel. Chiles v. Public Employees Relations Commission, 630 So.2d 1093 (Fla. 1994).
Thereafter, in the 1994 legislative session, the Florida Legislature passed an amendment to section 447.203(3), Florida Statutes, excluding persons employed by the State in their capacity as members of The Florida Bar from those public employees entitled to engage in collective bargaining. Accordingly, PERC dismissed the petition for certification of SEAG. This appeal ensued. Neither party has asserted that PERC had the authority to proceed with the petition for certification after passage of the amendment, or that PERC erred in any way, in dismissing the certification petition. The parties agree that PERC lacked the authority to decide the constitutionality of the statute, and was required to apply it in the manner below. However, they now ask this court to decide the constitutionality of section 447.203(3)(j), Florida Statutes (Supp. 1994).
"[C]onstitutional issues may be considered de novo by this court on appeal from an administrative proceeding." Glendale Federal Savings and Loan Association v. Florida Department of Insurance, 485 So.2d 1321, 1323 (Fla. 1st DCA), review denied mem., 494 So.2d 1150 (Fla. 1986). The right to collectively bargain is guaranteed by the Florida constitution. Fla. Const. Article I, section 6. Aside from not having the right to strike, public employees have the same right to collectively bargain as private employees. City of Tallahassee v. Public Employees Relations Commission, 410 So.2d 487 (Fla. 1981); Dade County Classroom Teachers Association v. Ryan, 225 So.2d 903 (Fla. 1969).
The right to collectively bargain is a fundamental right which may be abridged only for a compelling state interest. Hillsborough County Governmental Employees Association, Inc. v. Hillsborough County Aviation Authority, 522 So.2d 358 (Fla. 1988); City of Tallahassee v. Public Employees Relations Commission, 393 So.2d 1147, 1150 (Fla. 1st DCA), aff'd, 410 So.2d 487 (Fla. 1981). Further, the statute under review must serve that compelling state interest in the least intrusive means possible. Florida Board of Bar Examiners re: Applicant No. 63161, 443 So.2d 71, 74 (Fla. 1983) ("[t]he compelling state interest or strict scrutiny standard imposes a heavy burden of justification upon the state to show an important societal need and the use of the least intrusive means to achieve that goal").
The State asserts that it has a compelling state interest in maintaining the loyalty, fidelity and confidentiality of the attorneys it employs, and that only precluding all attorneys from engaging in collective bargaining will protect that interest. We decline to decide whether maintaining the loyalty, fidelity and confidentiality of the attorneys employed by the State may constitute a compelling state interest sufficient to justify the prohibition of this class to exercise the constitutional right to collectively bargain. *489 Further, we decline to decide whether this statute is designed to serve the State's asserted interest in the least intrusive manner. Both sides have relied extensively upon allegations of fact that go outside the record in support of their relative positions. When the constitutionality of a statute is a mixed question of law and fact, involving the existence of valid reasons for the legislation, it is preferable to have a record developed in a lower court before a finder of fact. Glendale Federal Savings and Loan Association v. Florida Department of Insurance, 485 So.2d 1321, 1324-25 (Fla. 1st DCA), review denied mem., 494 So.2d 1150 (Fla. 1986). Therefore, although we affirm PERC's decision to dismiss the petition for certification, we do so without prejudice to SEAG's right to seek a declaratory judgment in circuit court concerning the constitutionality of section 447.203(3)(j), Florida Statutes (Supp. 1994). Such a proceeding will permit the development of a record which this court properly may review to decide the issues raised in this case. See, e.g., Aspen-Tarpon Springs, Ltd. v. Stuart, 635 So.2d 61, 62 (Fla. 1st DCA 1994) (appeal from judgment in declaratory judgment action regarding constitutionality of statute). See also, e.g., United Faculty of Florida, Local 1847 v. Board of Regents, 417 So.2d 1055, 1061 (Fla. 1st DCA 1982) (striking down statute excluding "graduate assistants," among others, from the definition of "public employees" for the purposes of eligibility for collective bargaining, the court relied upon record evidence from which it could make a judgment regarding the graduate assistants' status as employees, but expressly declined to rule on the validity of the exclusion of those other groups, as to which no such record evidence had been supplied).
AFFIRMED.
ALLEN, J., and SMITH, Senior Judge, concur.
NOTES
[1] PERC was required to dismiss the petition because Chapter 94-89, Laws of Florida, codified at section 447.203(3)(j) (Supp. 1994), excluded from the definition of public employee for purposes of the right to engage in collective bargaining, "those persons who by virtue of their positions of employment are regulated by the Florida Supreme Court pursuant to s. 15, Art. V of the State Constitution."