714 So.2d 502 (1998)
Lawton CHILES, as Governor of the State of Florida, Appellant/Cross-Appellee,
v.
STATE EMPLOYEES ATTORNEYS GUILD and Raymond J. Greene, Appellees/Cross-Appellants.
No. 97-2359.
District Court of Appeal of Florida, First District.
June 3, 1998.
Rehearing Denied July 13, 1998.
*503 Robert A. Butterworth, Attorney General; Louis F. Hubener, Assistant Attorney General, and Gerald B. Curington, Assistant Deputy Attorney General, Tallahassee, for Appellant/Cross-Appellee.
Thomas W. Brooks and Anthony D. Demma of Meyer and Brooks, P.A., Tallahassee, for Appellees/Cross-Appellants.
BENTON, Judge.
The State Employees Attorneys Guild (SEAG) and Raymond J. Greene filed a complaint for declaratory relief against state officials for whom Lawton Chiles, Governor of the State of Florida, was later substituted (the state). After a non-jury trial, the circuit court concluded that state employees working as attorneys have a "fundamental right to collectively bargain, as provided by Florida's Constitution, [which] is unconstitutionally infringed upon by Section 447.203(3)(j), Florida Statutes." The state now appeals the final order and declaration embodying this conclusion. We affirm.
Under the state constitution, public employees have the right to bargain collectively although they are prohibited from striking. Art. I, § 6, Fla. Const. (1968). See *504 Dade County Classroom Teachers' Ass'n v. Ryan, 225 So.2d 903, 905 (Fla.1969). The present case poses the question whether the Legislature can nevertheless categorically nullify the right of all public employees working as lawyers to bargain collectively.
Recent history has helped frame the issues. When SEAG filed a representation-certification petition with the Public Employees Relations Commission (PERC) seeking certification of a bargaining unit comprised of state employees working as attorneys, PERC found reasonable cause to believe the petition legally sufficient, and set it for an evidentiary hearing. SEAG v. State, PERC No. RC-93-019 (Orders dated Mar. 30, 1993 (Notice of Sufficiency), Apr. 5, 1993 (Notice of Representation), and Apr. 29, 1993 (Corrected Order Denying Stay)). Before the evidentiary hearing took place, however, the state filed a petition for writ of prohibition in the Supreme Court of Florida in an effort to prevent further proceedings at PERC.
In the supreme court, the state contended that the writ should issue to preserve the supreme court's constitutional authority over lawyers. The state relied on article V, section 15 of the Florida Constitution, which provides: "The supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." The state argued that to allow further proceedings on SEAG's petition at PERC would be to permit PERC to usurp the court's own rightful role in regulating the practice of law. Rejecting this contention, the supreme court held that authorizing state employees working as attorneys to bargain collectively did not "encroach upon [the supreme court's] jurisdiction over the admission of attorneys to the practice of law or the discipline of attorneys." State ex rel. Chiles v. PERC, 630 So.2d 1093, 1094 (Fla.1994).
In the wake of the supreme court's decision, the Legislature enacted a new definitional provision, now codified as section 447.203(3)(j), Florida Statutes (1997). Adding a new exception to the definition (for purposes of chapter 447, part II) of public employee ("any person employed by a public employer"), subsubsection (3)(j) excludes "[t]hose persons who by virtue of their positions of employment are regulated by the Florida Supreme Court pursuant to s. 15, Art. V of the State Constitution." § 447.203(3)(j), Fla. Stat. (1997). The apparent intent of this legislation is to eliminate statutorily the right of public employees working as lawyers to bargain collectively. The new statutory provision took effect less than two months after the supreme court's decision in State ex rel. Chiles. Ch. 94-89, § 1, at 310, Laws of Fla.
Following the decision in State ex rel Chiles, SEAG renewed its representation-certification petition, which PERC dismissed on the basis of then recently enacted section 447.203(3)(j), Florida Statutes (Supp.1994). SEAG took an appeal from PERC's order dismissing its renewed petition. SEAG, FPD, NUHHCE, AFSCME, AFL-CIO v. State, 653 So.2d 487 (Fla. 1st DCA 1995). Noting the lack of a factual record in the PERC proceedings, see generally Rice v. Department of Health and Rehabilitative Servs., 386 So.2d 844 (Fla. 1st DCA 1980), we affirmed the dismissal "without prejudice to SEAG's right to seek a declaratory judgment in circuit court concerning the constitutionality of section 447.203(3)(j), Florida Statutes (Supp.1994)." SEAG, 653 So.2d at 489. Urging the unconstitutionality of section 447.203(3)(j), SEAG then filed suit in circuit court for declaratory judgment. After an extensive factual record had been made, the circuit court entered the final order and declaration now under review.
The original state constitutional right to work provision dates to the 1944 revision of the 1885 Florida Constitution, Joseph W. Little & Steven G. Lohr, Textual History of the Florida Declaration of Rights, 22 Stetson L.Rev. 549, 619 (1993), which was construed as creating no bargaining rights. Id. at 620. As revised in the 1968 Florida Constitution, however, the current right to work provision confers on public employees the right to bargain collectively. Id. at 626. Defining the scope of the right, the Supreme Court of Florida has ruled that (except for the prohibition against strikes and subject to the legislative power over appropriations) public employees have the same right to bargain *505 collectively that private employees have. See City of Tallahassee v. Public Employees Relations Comm'n, 410 So.2d 487, 490-91 (Fla. 1981); Dade County Classroom Teachers Ass'n v. Legislature, 269 So.2d 684, 685 (Fla. 1972); Ryan, 225 So.2d at 905; Little & Lohr, supra, at 626-27.
Attorneys have the right to bargain collectively in the private sector. See Wayne County Neighborhood Legal Servs., Inc., 1977 WL 8699, 229 N.L.R.B. (No. 171) 1023 (1977); Lumbermen's Mut. Cas. Co., 75 N.L.R.B. No. 129, 21 L.R.R.M. (BNA) 1107, 1107-08 (1948); see also Airline Pilots Ass'n, Int'l, 97 N.L.R.B. No. 122, 29 L.R.R.M. (BNA) 1155, 1156 (1951), overruled on other grounds, Office Employees (AFL-CIO) Local 11 (Oregon Teamsters Security Plan Office), 113 N.L.R.B. No. 111, 987, 991 (1955) (ruling that nonprofessional and professional airline employeesincluding attorneysmay form a bargaining unit). Long before the people of Florida adopted the current state constitution, the National Labor Relations Board had ruled:
The fact that attorneys are "officers of the court" and "fiduciaries" is not a sufficient basis for denying them the benefits of the NLRA since their wages, hours, and conditions of employment remain matters to be determined by their employer rather than by the courts.
The client-attorney relationship does not preclude these employees from exercising their statutory right to bargain collectively since the entire association between the employer and its attorneys is pervaded by an employer-employee relationship....
....
Nor are they either supervisory, managerial or confidential employees.
Lumbermen's Mut. Cas. Co., 21 L.R.R.M. (BNA) at 1108. Managerial and confidential employeeswho may be lawyersare excluded from collective bargaining both in the private sector and in the public sector. § 447.203(4) & (5), Fla Stat. (1997). In other states, exclusions have precluded collective bargaining by publicly employed attorneys doing several different types of work. See Chief Judge of the Sixteenth Jud. Cir. v. Illinois State Labor Relations Bd., 178 Ill.2d 333, 227 Ill.Dec. 313, 687 N.E.2d 795 (1997) (excluding public defenders in state lacking constitutional provision authorizing collective bargaining by public employees); Salaried Employees of North America v. Illinois Local Labor Relations Bd., 202 Ill.App.3d 1013, 148 Ill.Dec. 329, 560 N.E.2d 926 (1990) (excluding city attorneys). Despite their importance, we have no occasion in the present case to delineate the precise scope of the Florida exclusions. PERC has primary jurisdiction over such questions.
For public employees, the state constitutional right to work provision contemplates legislative implementation. See Dade County Classroom Teachers' Ass'n, 269 So.2d at 685 (citing Dade County Classroom Teachers' Ass'n v. Ryan, 225 So.2d 903 (Fla. 1969)); Little & Lohr, supra, at 627. The Legislature cannot, however, abridge public employees' right to bargain collectively, absent a compelling state interest making it necessary to do so. See State v. Florida Police Benevolent Ass'n, 613 So.2d 415, 419 (Fla.1992) ("[T]he legislature may not restrict the right to bargain."). Our supreme court requires strict judicial scrutiny of any statute that interferes with public employees' rights to bargain collectively. Hillsborough County G.E.A. v. Hillsborough County Aviation Auth., 522 So.2d 358, 362 (Fla.1988). "The right to bargain collectively is ... subject to official abridgement only upon a showing of a compelling state interest." Id. See Florida Bd. of Bar Examiners Re: Applicant, 443 So.2d 71, 74 (Fla.1983) ("The compelling state interest or strict scrutiny standard imposes a heavy burden of justification upon the state to show an important societal need and the use of the least intrusive means to achieve that goal.").
With respect to the very statutory provision at issue here, we have indicated that, in order to survive a constitutional challenge, it "must serve that compelling state interest in the least intrusive means possible." SEAG, 653 So.2d at 488. In this way, we refinedor arguably acknowledged implicitly that the decision in Hillsborough County G.E.A. had supersededthe standard of review we had earlier enunciated for *506 such cases. See United Faculty of Fla. v. Board of Regents, 417 So.2d 1055, 1056 (Fla. 1st DCA 1982) (holding the state need make only a "strong showing of a rational basis for abridgment which is justified by a compelling state interest"); City of Tallahassee v. Public Employees Relations Comm'n, 393 So.2d 1147, 1150 (Fla. 1st DCA 1981). The right to bargain collectively is a "fundamental right." Hillsborough County G.E.A., 522 So.2d at 362. A statute abridging the right of state employees to bargain collectively is consonant with the constitution only if it vindicates a compelling state interest by minimally necessary means.
Because section 447.203(3)(j) diminishes this fundamental right, the state must demonstrate that the statute can withstand strict scrutiny. See Hillsborough County G.E.A., 522 So.2d at 362; Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544, 547 (Fla.1985) ("The right of privacy is a fundamental right which we believe demands the compelling state interest standard. This test shifts the burden of proof to the state to justify an intrusion on privacy.").
The state points to conclusions drawn in a committee staff analysis that "the Legislature has determined that a compelling state interest exists whereby government attorneys must give complete confidentiality, fidelity and loyalty to the State and local government while conducting its legal affairs." Staff of Florida House of Representatives Committee on Employment & Management Relations, Final Bill Analysis & Economic Impact Statement for HB 2281 (1994). The same analysis also concluded that the attorney-client relationship would be at risk if a state-employed attorney could sue to enforce the terms of a collective bargaining agreement. Id. These conclusions do not, however, obviate the need for judicial scrutiny.
The trial court examined the statute independently to ascertain whether the committee staff's views, which reflect the state's position, were borne out. To that end, the trial court took evidence on whether section 447.203(3)(j) serves a compelling state interest and whether it does so by means least burdening state employees' rights to bargain collectively. The lower court found
that the state of Florida does have a compelling interest in the lawyer-client relationship, as codified in the Rules of Professional Conduct within the Rules Regulating the Florida Bar, between the state and the attorneys it employs. The particular obligations of competence, diligence, confidence, and the avoidance of conflicts of interest owed by lawyers to their clients are defining characteristics of the functions of a lawyer. The fact that a lawyer is hired by a state agency rather than by individual clients does not negate a lawyer's basic ethical obligations.
The interest public employers have in the relationship between themselves as clients and their employees who represent them as attorneys may fairly be said to be compelling. See Rosenberg v. Levin, 409 So.2d 1016, 1021 (Fla.1982) (stating the relationship is "one of special trust and confidence"); State ex rel. Florida Bar v. Dawson, 111 So.2d 427, 432 (Fla.1959); see also The Florida Bar v. Doe, 550 So.2d 1111, 1113 (Fla. 1989); Sohn v. Brockington, 371 So.2d 1089, 1093 (Fla. 1st DCA 1979) (citing Salopek v. Schoemann, 20 Cal.2d 150, 124 P.2d 21 (1942) (Gibson, C.J., concurring)).
The remaining issue is whether a complete ban on collective bargaining by public employees working as lawyers is required in order to preserve these attorney-client relationships. On this point, the trial court determined that the state had presented "no evidence" that the statute under challenge was necessary to protect the asserted state interest.
The compelling state interest in retaining competent, professional attorneys does not support a finding of a compelling state interest in preventing any collective bargaining by state employed attorneys. The state presented no evidence to support the position that government employed attorneys would abandon their ethical obligation of confidentiality, fidelity and loyalty by becoming members of a labor organization.
The findings of a trial court are presumptively correct and must stand unless clearly erroneous. See Marshall v. Johnson, 392 So.2d *507 249, 250 (Fla.1980); Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976); Florida E. Coast Ry. v. Department of Revenue, 620 So.2d 1051, 1061 (Fla. 1st DCA 1993).
Because Florida has not yet permitted attorneys employed as such by public employers to bargain collectively, the trial court considered evidence from other states. It found that other jurisdictions permit state-employed attorneys to bargain collectively without any apparent harm to the attorney-client relationship. Evidence showed that, in those states, governmental entities that allow their attorneys to bargain collectively have been able to conduct their legal affairs effectively, meet their legal obligations, and otherwise carry out their missions. Attorneys employed by the federal government, including estate and gift tax attorneys employed by the Internal Revenue Service, see National Agreement Between the Internal Revenue Service and the National Treasury Employees Union, Doc. 6647 (Rev.7-94), Cat. No. 453130, at 2 (Executed Apr. 15, 1994), and attorneys who work in the headquarters office of the general counsel of the National Labor Relations Board itself, see Agreement Between the General Counsel of the National Labor Relations Board and the NLRB Professional Association 1 (Executed Sept. 26, 1989), also engage in collective bargaining.
The state expressed concern that collective bargaining will require it to compartmentalize its legal staff in order to ensure that conflicts do not occur. Even assuming some additional compartmentalization will be required, the administrative interest in avoiding additional compartmentalization must be viewed in light of the fundamental right to bargain collectively. See, e.g., Tashjian v. Republican Party of Conn., 479 U.S. 208, 218, 107 S.Ct. 544, 93 L.Ed.2d 514 (1986) (finding that the state cannot constrain a political party's right of association for administrative convenience); Shapiro v. Thompson, 394 U.S. 618, 633-34, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (stating that a state's administrative needs did not justify a one-year waiting period for new residents to obtain welfare).
The evidence showed that the collective bargaining process is not always free of litigation. But the trial court found:
The state acknowledges that there have been suits filed by government employed attorneys based upon alleged gender discrimination, racial discrimination, disabilities discrimination, and others in the absence of collective bargaining that have not interfered with the state's ability to carry out its legal duties and missions. There is no reason to believe that suits by union government attorneys would impact the operations of a state agency any more than a suit by state employed attorneys who were prohibited from unionizing. The court concludes that those government agencies that allow collective bargaining have not suffered any adverse impact from such collective bargaining.
We have been shown no basis for disturbing the trial court's findings of fact in this regard.
Nor did the trial court find that collective bargaining impugns or denigrates the ethical standards that lawyers should live by. Instead, the lower court found:
There is no prohibition in the Florida Rules Regulating the Bar against attorney membership in a union.... Thus the Rules Regulating the Florida Bar would continue to govern and guide the conduct of attorneys who were employed by state government, whether or not they were members of a labor organization. Because the ethical rules governing attorneys licensed to practice law in Florida apply to lawyers employed by the State of Florida, and because collective bargaining does not require state agencies to agree to proposals which breach the attorney-client relationship in violation of the ethical can[ ]ons, the state has failed to show a compelling interest in preventing all collective bargaining by attorneys employed by the state. There is no inherent conflict created by lawyers collectively bargaining with clients.
The trial court credited evidence that government attorneys who bargain collectively can and do maintain the ethical standards *508 required by rules governing professional conduct.
Attorneys representing public entities are under the same professional obligations to their clients whether they are retained or whether they are salaried employees. Attorneys violating these rules are subject to sanctions, whether they violate them collectively or individually. In finding "that collective bargaining by state-employed attorneys does not encroach upon this Court's jurisdiction over ... the discipline of attorneys," State ex rel. Chiles, 630 So.2d at 1095, the supreme court has in effect rejected the argument the state makes here that permitting attorneys to bargain collectively would somehow entail a breach of professional ethics. See id.
In short, the state did not demonstrate that a blanket ban on collective bargaining by public employees working as attorneys is the least onerous means of protecting the attorney-client relationships between the lawyers and the public entities which employ them. Evidence of collective bargaining procedures in other jurisdictions showed that collective bargaining procedures can be fashioned to accommodate both the public employers' interests in assuring fidelity and competence in their attorneys and the attorneys' constitutional right as public employees to bargain collectively. We hold that the trial court correctly declared section 447.203(3)(j), Florida Statutes (1997), unconstitutional.
On cross-appeal, SEAG asks us to overturn the trial court's ruling that deputy and assistant attorneys general and assistant statewide prosecutors are public officers and not public employees. The trial court made this ruling expressly "[f]or purposes of determining the [present case only]," in granting a motion for partial summary judgment. Given the limited nature of the ruling, we conclude the question is now moot. The ruling logically limited what evidence would be admissible in deciding the principal question before the trial court, viz., whether section 447.203(3)(j), Florida Statutes (1997), ran afoul of the state constitution in forbidding collective bargaining by any and all public employees working as attorneys. Inasmuch as SEAG has prevailed here and below, however, SEAG was not harmed by its inability to address the collective bargaining rights, if any, of lawyers the trial court refused to consider. The trial court's ruling on this point has no effect beyond the present case. It does not preclude litigation at PERC as to which state-employed lawyers are public officers and which are public employees for purposes of chapter 447, questions on which we express no opinion.
Affirmed.
ERVIN and PADOVANO, JJ., concur.