Mr. Paul Rowell General Counsel Department of Management Services 4050 Esplanade Way Tallahassee, Florida 32399-0950
Mr. John Slye General Counsel Department of Children and Families 1317 Winewood Boulevard Building 2, Room 204 Tallahassee, Florida 32399-0700
Dear Mr. Rowell and Mr. Slye:
You have asked for my opinion on substantially the following question:
Does an employee's contractual right to have a union representative accompany the employee to an "investigatory interview" include the right to have a union representative present during a segment of the interview requiring a discussion of information taken from a child abuse investigation that is confidential under section 39.202, Florida Statutes (1998 Supplement)?
In sum:
A union representative may not attend that portion of an investigatory interview between the agency inspector general and an employee requiring discussion of information taken from a child abuse investigation that is confidential under section 39.202, Florida Statutes (1998 Supplement).
According to your letter, the Inspector General of the Department of Children and Family Services held a series of investigatory interviews regarding a breach of confidentiality at the Florida Abuse Hotline. The interviews required the presentation of documents and discussion of information deemed confidential pursuant to section 39.202, Florida Statutes (1998 Supplement).
As requested by the employee, the Inspector General allowed union representatives to be present at the interview until such time as information deemed confidential by statute was discussed. During the interviews one employee requested the presence of a union representative when confidential information would be presented and discussed. The employee believed that information gained by the agency in the interview could be used in a disciplinary action against her. Based on the statutory prohibition on the release of confidential information, the Inspector General refused to allow the union representative to attend.
The employee filed a grievance under the collective bargaining agreement between the State and the American Federation of State, County and Municipal Employees. The grievance was appealed to the Department of Management Services, which sustained the grievance based on the employee's right to union representation under the collective bargaining agreement.
The Florida Constitution contains a right to work provision. Article I, section 6, provides:
"The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization. The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged. Public employees shall not have the right to strike."
This constitutional right includes the right to collectively bargain. Although they do not have the right to strike, public employees have the same right to collectively bargain as private employees.[1]
In implementing the provisions of Article I, section 6, of the Florida Constitution, the American Federation of State, County and Municipal Employees and the State of Florida entered into a Master Contract governing public employment. The Master Contract provides that "[a]n employee may request a Union representative be present to advise and/or assist the employee during any disciplinary investigation meeting in which the employee is being questioned relative to alleged misconduct of the employee[.]"[2] This contractual provision is drawn from the terms of two statutory provisions: section 447.301, Florida Statutes, providing public employees the right to negotiate a collective bargaining agreement to govern the terms and conditions of employment and to engage in activities for their mutual aid or protection; and section447.501(1)(a), Florida Statutes, prohibiting public employers from interfering with or restraining public employees from exercising their collective bargaining rights.
Thus, public employees have a contractual right to have a union representative present during a disciplinary investigation meeting if the employee is being questioned about his or her own alleged misconduct. The statutory provisions from which this right is derived, however, do not purport to limit specific rights created by other statutes.
Section 39.202, Florida Statutes (1998 Supplement), as amended, states:
"In order to protect the rights of the child and the child's parents or other persons responsible for the child's welfare, all records held by the department concerning reports of child abuse or neglect, including reports made to the central abuse hotline and all records generated as a result of such reports, shall be confidential and exempt from the provisions of s. 119.07(1) and shall not be disclosed except as specifically authorized by this chapter. Such exemption from s. 119.07(1) applies to information in the possession of those entities granted access as set forth in this section."
Certain exceptions are specifically set forth in the statute. Subsection (2) provides that access to these records, after the name of the reporter of the abuse has been removed, may be given only to designated persons, officials, and agencies. These include the Division of Administrative Hearings for purposes of any administrative challenge and the Public Employees Relations Commission for the purpose of obtaining evidence for appeals filed under section 447.207, Florida Statutes. The statute contains penalty provisions for the disclosure of child abuse or neglect report information.[3]
No exception from confidentiality is contained in section 39.202, Florida Statutes (1998 Supplement), relating to investigatory interviews conducted by the agency inspector general with agency personnel who have been accused of wrongdoing. Exemptions to the Public Records Law must be construed to accomplish their stated purpose[4] and this office will not recognize an exception under these circumstances in the absence of a direct legislative statement allowing disclosure of this information.[5]
The confidentiality provisions of section 39.202, Florida Statutes (1998 Supplement), clearly reflect the state's concern for the privacy interests of children and their parents or other care givers. In addition, the state has an interest in maintaining the integrity of child abuse and neglect investigations conducted pursuant to Chapter 39, Florida Statutes. As the Legislature stated in section 39.001(6), Florida Statutes (1998 Supplement):
"The incidence of known child abuse, abandonment, and neglect has increased rapidly over the past 5 years. The impact that abuse, abandonment, or neglect has on the victimized child, siblings, family structure, and inevitably on all citizens of the state has caused the Legislature to determine that the prevention of child abuse, abandonment, and neglect shall be a priority of this state. To further this end, it is the intent of the Legislature that a comprehensive approach for the prevention of abuse, abandonment, and neglect of children be developed for the state and that this planned, comprehensive approach be used as a basis for funding."
The central abuse hotline created pursuant to section 39.202, Florida Statutes (1998 Supplement), is an integral part of this system and the confidentiality of information provided via this hotline is a significant factor in its successful operation.[6]
Based on the interests of those involved, the authority upon which these claims are made, the involvement of children in this process and the nature of the information subject to disclosure, it is my opinion that the exemption from the Public Records Law expressed in section 39.202, Florida Statutes (1998 Supplement), is not limited by the contractual provision contained in the Master Contract.
Thus, it is my opinion that a union representative may not be present during that portion of an investigatory interview between the agency inspector general and an employee requiring discussion of child abuse investigation information that is confidential under section 39.202, Florida Statutes (1998 Supplement).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] City of Tallahassee v. Public Employees RelationsCommission, 410 So.2d 487 (Fla. 1981); Dade County ClassroomTeachers' Association, Inc. v. Ryan, 225 So.2d 903 (Fla. 1969);State Employees Attorneys Guild, FPD, NUHHCE, AFSCME, AFL-CIO v.State, 653 So.2d 487 (Fla. 1st DCA 1995).
[2] See, Art. 7, s. 1(C), Master Contract between the Florida Public Employees Council 79 American Federation of State, County and Municipal Employees, AFL-CIO and the State of Florida, July 1, 1995 through July 1, 1999.
[3] Section 39.202(7), Fla. Stat. (1998 Supp.).
[4] See, e.g., Krischer v. D'Amato, 674 So.2d 909 (Fla. 4th DCA 1996); Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), review denied sub nom., Gillum v. Tribune Company,503 So.2d 327 (Fla. 1987).
[5] Cf., `Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974); Ops. Att'y Gen. Fla. 87-43 (1987), 86-32 (1986), 82-20 (1982).
[6] And see, s. 39.201(4), Fla. Stat. (1998 Supp.), establishing a central abuse hotline and subsection (2)(e) relating to the confidentiality promised to those persons reporting child abuse, abandonment, or neglect.