840 So.2d 1103 (2003)
DADE COUNTY SCHOOL ADMINISTRATORS ASSOCIATION, LOCAL 77, AFSA, AFL-CIO, Appellant,
v.
SCHOOL BOARD OF MIAMI-DADE COUNTY, Florida and Public Employees Relations Commission, Appellees,
Dade Association of School Administrators, Appellee/Intervenor.
No. 1D01-5140.
District Court of Appeal of Florida, First District.
March 13, 2003.
*1104 Robert A. Sugarman and Marcus Braswell of Sugarman & Susskind, P.A., Coral Gables, for Appellant.
Henry Latimer and Dionne E. Wong of Greenberg Traurig, P.A., Fort Lauderdale for Appellee/School Board of Miami-Dade County, Florida.
Sharon E. Cromar, Staff Counsel, Tallahassee for Appellee/Public Employees Relations Commission.
Donald D. Slesnick, II, and James C. Casey of Law Offices of Slesnick & Casey, Miami for Intervener/Dade Association of School Administrators, for Appellees.
DAVIS, J.
Dade County School Administrators Association, Local 77, AFSA, AFL-CIO ("Local 77") appeals an order of the Florida Public Employees Relations Commission ("PERC") dismissing its Representation-Certification Petition which sought to represent, for the purpose of collective bargaining, a unit of assistant principals and vice principals employed by the School Board of Miami-Dade County. We affirm and decline to reach the question of the constitutionality of section 447.203, Florida Statutes (2001) or section 228.041, Florida Statutes (2001).
Local 77 filed a petition with PERC seeking to represent a unit of assistant principals and vice principals for the purpose of collective bargaining. PERC found the petition was sufficient and assigned a hearing officer. After an evidentiary hearing, the hearing officer issued a recommended order, concluding that the assistant principals met the criteria of managerial employees and administrative personnel as defined in section 447.203(4)(a) and section 228.041(10), respectively, and were, therefore, precluded from collective bargaining. PERC adopted the hearing officer's recommended order and issued a final order dismissing the petition, finding that the proposed unit was inappropriate for the purpose of collective bargaining because the unit remained managerial pursuant to their job duties and responsibilities under sections 447.203(4)(a)6. and 228.041(10), and the managerial status that is specific to the school district personnel found in section 447.203(4)(a)6. is dispositive of the assistant principals' managerial status issue. The parties agree that the hearing officer's recommended order is supported by competent substantial evidence. Because the statutes at issue were construed in a manner against its interest, Local 77 now seeks a constitutional interpretation of sections 447.203(4)(a)6. and 228.041(10).
This court has previously recognized that the right to collectively bargain is guaranteed by the Florida constitution, that public employees have the same right to collectively bargain as private employees, and that constitutional issues may be considered de novo from an appeal of an administrative proceeding. State Employees Attorneys Guild v. PERC, 653 So.2d 487, 488 (Fla. 1st DCA 1995) (citations omitted). As stated in State Employees Attorneys Guild, the "right to collectively bargain is a fundamental right which may be abridged only for a compelling state interest" and the "statute under review must serve that compelling state interest in the least intrusive means possible." Id. at 488 (citations omitted). The parties argue the issues of compelling state interest and least intrusive manner, relying on allegations of fact that go beyond the record on appeal. As held in State Employees Attorneys Guild, "[w]hen the constitutionality of a statute is a mixed question of law and fact, involving the existence of valid reasons for the legislation, it is preferable to have a record developed in a *1105 lower court before a finder of fact." Id. at 489 (citing Glendale Federal Savings and Loan Association v. Florida Department of Insurance, 485 So.2d 1321, 1324-25 (Fla. 1st DCA 1986)).
Accordingly, we affirm PERC's order dismissing the petition for certification without prejudice to Local 77's right to seek a declaratory judgment in circuit court concerning the constitutionality of sections 447.203(4)(a)6. and 228.041(10), Florida Statutes (2001). "Such a proceeding will permit the development of a record which this court properly may review to decide the issues raised in this case." State Employees Attorneys Guild, 653 So.2d at 489 (citations omitted).
AFFIRMED.
BROWNING and POLSTON, JJ., concur.